Rollins, S.
By the. will of this testator, his wife, Jane Menck, and his daughter, Julia Budlong, were appointed executrices, and his friends, Mr. McGourkey and Mr. Williams, executors. His entire estate apart from his household furniture, plate, etc., was devised and bequeathed to such executors and executrices upon certain specified trusts. They were empowered in the life-time of his widow, and with her consent, to sell any or all of the real estate, and after her death, in the exercise of their judgment, to sell any portion thereof that might remain in their hands. They were directed to invest the personal estate and the proceeds of the sale of realty, “ in proper and safe securities suitable for a trust estate,” and to pay all rents and net income to the .widow during her life.
They were further directed to divide after her death “ the estate which may be subject to division ” into three parts, one to be transferred to the testator’s daughter Julia, another to be held by the executors and its income applied to the use of his grandson Henry, until he should attain the age of thirty years, th.e third to be so held and its income applied to the use of his grandchildren Henrietta and Robert until they should severally attain the age of thirty.
By the tenth clause of the will the testator provided as follows : “ After the death of my wife they (the executors) shall settle up their accounts as executors, and shall then open new accounts as trustees under this will.”
The testator died on the 28th of December, 1884. Letters testamentary were issued to his widow, and to his daughter, on January 28th, 1885; to executor Williams on February 10th, 1885; and to executor McGourkey, on December 2d, 1885. The widow died in April, 1885. On March 25th, 1886, executor Williams filed a petition for the judicial settlement of the account of himself and his associates, but causecLa citation thereupon to be issued and served, whereby his co-executors and Mrs. Budlong (as executrix of this estate, and also executrix of the estate of the testator’s widow) were simply required “ to attend the judicial settlement of the account of I. Newton Williams, as one of the executors, etc.”
Sections 2729 and 2730 of the Code of Civil Procedure provide that in case of the presentation by an executor of a volun *343 tary petition for an accounting, after the expiration of a year from the issuance of letters, the surrogate must take the account, and hear the allegations and proofs of the parties respecting the same. So far, therefore, as the petition asks for the accounting of Mr. Williams himself it must be granted So far as it asks for the accounting of his co-executors it must be denied, and this for several reasons.
1. For lack of correspondence between its prayer and the terms of the citation in the particular above stated.
2. Because a year has not elapsed since letters were issued to executor McGourkey.
3. Because eighteen months have not elapsed since letters were issued to the executrix, and the circumstances do not in my judgment warrant me in exercising at present the discretion vested in me by the statute to compel an accounting.
The petitioner has filed an affidavit alleging that with Iris knowledge and approval one Meyer has kept certain books of account showing the amounts that have been received and disbursed by the executors in the administration of this estate ; that Meyer has refused to allow him access to such books; and that it is utterly impossible for him to make put or prepare his account herein “ of the receipts and disbursements of deponent and the executors of said estate ” without access to said books. Upon this affidavit the petitioner moves for an order directing Meyer to exhibit such books to him or his attorney. The moving party does not allege, it will be seen, that an examination of these books is needed for the preparation of the account of his own receipts and disbursements.
In an affidavit opposing this motion it is alleged on behalf of the surviving executrix that the petitioner has had no connection as executor with any of the matters of the estate recorded in said books, and that the petitioner has received of the assets of the estate the sum of $100, and no more.
As this allegation is not denied by the petitioner, I must deny his motion.